UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

VERNETTE LEE,

Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE DEPARTMENT
OF THE CITY OF NEW YORK; and POLICE
OFFICER SHIBU MADHU, SHIELD NO. 13609


Defendants.

--------------------------------------------------------------------X

**AMENDED COMPLAINT**

12-cv-560 (AAR)(VVP)


**JURY TRIAL DEMANDED**

Plaintiff, complaining of the defendants, by her attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for her complaint, upon information and belief, as follows:

**THE PARTIES**

1.    At all times mentioned herein, the plaintiff, VERNETTE LEE is a natural person residing in the City and State of New York, County of Kings.

2.    Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

3.    Upon information and belief, the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or department of the defendant City.

4.      Upon information and belief, at all times relevant to this complaint, the defendant Police Officer Shibu Madhu, Shield No. 13609, is a police officer from the 79th Precinct who were operating a police vehicle bearing license plate PBV3355 on August 19,2009.

5.      Upon information and belief, at all times relevant to this complaint, the defendant Police Officer Shibu Madhu, Shield No. 13609, is employed by the defendants CITY OF NEW YORK and POLICE DEPARTMENT OF THE CITY OF NEW YORK.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

7.      Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, one or more of the defendants resides in this District. *See* 28 U.S.C. § 1391(b).

## THE UNDERLYING FACTS

8.      The plaintiff resides at 822 Marcy Avenue, Brooklyn, New York ("Plaintiff's Residence").

9.      On or about August 19, 2009 the plaintiff was sitting on the front stoop of Plaintiff's Residence socializing with her friends.

10.      At or about 7:45 p.m. on that day, the plaintiff stood up from where she had been sitting on the stoop in order to enter her apartment to retrieve her asthma inhaler.

11.    At the same time, a police car bearing license plate PBV3355 pulled to a stop in front of the Plaintiffs Residence, and the defendant Police Officer Shibu Madhu, Shield No. 13609, emerged and confronted the plaintiff.

12.    Upon information and belief, without any probable cause to believe that any crime of any sort had been committed by anyone, defendant Police Officer Shibu Madhu, Shield No. 13609 followed the plaintiff into her building, and into the hallway, backed her up against a wall, and confronted her from a position just inches from her face.

13.    The defendant officer used repeated obscenities when confronting the plaintiff and spoke in a hostile tone of voice that made the plaintiff fear for her life and physical well being.

14.    The plaintiff warned the aforementioned officer that she had recently had surgery to remove a kidney and repair a hernia, and his reaction was to shove the plaintiff against the wall with force, causing her great pain and suffering, and placing her in fear for her physical safety and life.

15.    Ultimately, when the plaintiff's daughter emerged from the apartment and identified herself as a former federal corrections officer, the defendant officer desisted from his wrongful conduct and left the Plaintiff's Residence.

## AS AND FOR A CLAIM FOR RELIEF

16.    Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

17.     Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

18.     Upon information and belief, at all times relevant to this complaint, the defendants subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of her rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

19.     Among other things, the defendants: confronted the plaintiff and subjected her to questioning without probable cause to believe any crime had been committed; wrongfully deprived the plaintiff of her liberty by backing her up against a wall; slammed the plaintiff into the wall; wrongfully detained the plaintiff; entered the Plaintiffs Residence without any probable cause; utilized excessive force; and the defendants otherwise violated the plaintiffs civil rights.

20.     In addition to the damages suffered by the plaintiff as a result of being deprived of her liberty, as described above, the plaintiff was also damaged in that she suffered physical injury, pain and suffering as a result of being slammed against the wall; severe mental anguish and distress and emotional upset; expenses have been and/or will be incurred for medical and hospital treatment; claimant has been otherwise injured; all of which injuries are permanent and extending into the future

21.     Upon information and belief, the conduct of the defendant officer was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the defendant police officer. The basis for this allegation is, among other things, that after

the incident described herein, the plaintiff lodged complaints against the officers involved with the 79th Precinct and the CCRB, and plaintiff was never informed of any disciplinary action having been taken against the defendant officer.

22.    Additionally, the defendants City and Police Department are vicariously liable for the actions of the defendant police officer as the actions alleged herein were within the scope of the employment of the defendant police officer.

23.    The defendants are jointly and severally liable.

24.    By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial.

WHEREFORE, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   Brooklyn, New York
         August 19, 2012

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the plaintiff*

by: _____
       Daniel Shimko, Esq.

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627